PER CURIAM.
Cooper Plaza, Ltd., a domestic limited partnership, seeks review of an order denying its motion to quash process and service' of process.
Plaintiff-appellees filed a complaint for breach of a partnership agreement against appellant Cooper Plaza, Ltd. and its general partners Leo Marks, Dorthy Marks and Un-isco First Project Corporation, N.V. Pursuant to Section 48.061(2), Florida Statutes (1975)[1], the sheriff was directed to serve the summons and a copy of the complaint on Cooper Plaza by serving Mr. Hugo Za-morano, president of Unisco First Project Corporation, N.V., as general partner for *1073 Cooper Plaza. The return of service indicated that the complaint and summons had been served on Hugo Zamorano as general partner of Cooper Plaza. Thereafter, Za-morano appeared and moved to quash service of process which had issued purporting to serve him as a general partner on the grounds that he was not and is not a general partner of Cooper Plaza. Cooper Plaza also appeared specially to contest jurisdiction by challenging the service of process. Following oral argument on the issues, the trial judge denied the motions to quash process and Cooper Plaza perfected this appeal.
Clearly the return of service which purports to have served Zamorano as a general partner of Cooper Plaza, Ltd. is improper and, accordingly, the order of denial is reversed. Further, we remand the cause to the trial court to temporarily abate the action and grant appellees the right within a reasonable period of time to have the return of service corrected.
Reversed and remanded.

. “48.061 Service on partnerships
sfc sf: sjs sfs sf: sf:
“(2) Process against a domestic limited partnership shall be served on any general partner and is as valid as if served on each individual member thereof. After service on any general partner, plaintiff may proceed to judgment and execution against the limited partnership and all of the general partners individually. Service of process may be made under §§ 48.071 and 48.21 on limited partnerships.”